UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY G.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C24-2064-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Having considered the Administrative Law Judge's (ALJ) decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1966, has a high school education, and does not have past relevant work. AR 87.

On June 27, 2022, Plaintiff applied for benefits, alleging disability as of January 1, 2019. AR 176. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 77.  After the ALJ conducted a hearing on November 9, 2023, the ALJ issued a decision finding Plaintiff not disabled.  AR 77.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since April 2022.

**Step two**:  Plaintiff has the following severe impairments: chronic obstructive pulmonary disease ("COPD"), depression, posttraumatic stress disorder ("PTSD"), and alcohol abuse disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform medium work except he can occasionally climb ramps and stairs but never ladders, ropes or scaffolds; frequently balance, stoop, kneel, crouch and crawl; frequently reach in all directions including overhead with both upper extremities; frequently handle, finger and feel with both upper extremities; and can tolerate occasional exposure to and could occasionally work around fumes, gases and other pulmonary irritants and hazards such as moving machinery or unprotected heights.  He can perform work that involves simple routine tasks requiring no more than short simple instructions and simple work-related decision making with few workplace changes.  He can maintain occasional contact with the general public of a brief, superficial and incidental nature and occasional interaction with supervisors and coworkers.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 79-87.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in evaluating a single medical opinion. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

A. **The ALJ Erred in Evaluating the Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ misevaluated the opinion of consultative examiner Reginald Adkisson, Ph.D., because his supportability and consistency findings were vague, and he found contradiction in the record where there was none. Dkt. 9 at 4-10. The Commissioner argues the ALJ reasonably weighed the supportability and consistency of Dr. Adkisson's opinions, and properly evaluated Plaintiff's activities as contradictory. Dkt. 11 at 2-5.

The ALJ considered the opinion of Dr. Adkisson and found it only somewhat persuasive. AR 86. The ALJ discounted Dr. Adkisson's opinion of severe limitations interacting with others because Plaintiff's activities contradicted the opinion. AR 86-87. The ALJ, without citation, specifically found that Plaintiff's ability to use public transportation, shop in stores, talk to his social worker, donate plasma, and "do other activities in the community"[3] contradicted Dr. Adkisson's findings. AR 86-87.

Dr. Adkisson opined that Plaintiff had severe social interaction limitations because of his paranoia, distrust, and suspicion of the motives of others leading to social isolation and active distancing. AR 520. He further opined that, nonetheless, Plaintiff can socially interact as needed for essential activities. AR 520. This opinion is wholly consistent with Plaintiff's ability to ride

---

[3] The ALJ did not provide citation or any explanation as to what "other activities in the community" entailed.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

the bus to attend appointments and visit his dying brother,[4] shop approximately ten minutes in stores,[5] talk to his social worker for treatment,[6] and donate plasma. Indeed, Dr. Adkisson acknowledged these activities in his opinion. AR 516 ("[Plaintiff] reports he arrived for the evaluation via bus."), 519 ("[Plaintiff] states he is able to cook, clean, and grocery shop without assistance.").

The record does not reflect any details of how Plaintiff interacts with others when shopping, donating plasma, or seeing a social worker. When asked about social interactions in Plaintiff's living situation, his response clearly indicated difficulty:

> Q: Okay. So are you able to get along with the other – the people that live in your building?
> A: No. I don't. But now I carry a knife.
> Q: I'm sorry?
> A: I now carry a knife. That's how bad it got.

AR 42. The ALJ then discontinued her questioning of Plaintiff.

The ALJ did not provide any further reasons for discounting Dr. Adkisson's opinion. While the Commissioner advances other reasons the ALJ could have discounted the opinion, the Court is limited to reviewing the ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009). Accordingly, the ALJ erred in discounting Dr. Adkisson's opinion. As Dr. Adkisson opined to greater limitations than those in the RFC this error was harmful and requires remand.

---

[4] *See, e.g.*, AR 41-42 (describing traveling by greyhound bus to visit his dying brother), AR 509 ("[Plaintiff] took a bus to get to the clinic today.").

[5] AR 217 ("How often do you shop and how long does it take? Shop 1-2x a week, take about 10 minutes, get what I need and leave.").

[6] *See, e.g.,* AR 407-08 (same-day appointment with social worker scheduled "because [Plaintiff] called the PCC with suicidal ideation.")

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Adkisson's opinion, reassess the RFC as appropriate, and proceed through the remaining steps as needed.

Dated this 11th day of September, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge